**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:22-CR-00108-MAC** |
| | § | |
| | § | |
| **JEFFREY ALAN STURROCK** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 12, 2026, alleging that Defendant, Jeffrey Alan Sturrock, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I.  The Original Conviction and Sentence**

Jeffrey Alan Sturrock was sentenced on October 5, 2023, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to the offense of False Statement to a Firearms Dealer, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of I, was 15 to 21 months. Jeffrey Alan Sturrock was subsequently sentenced to 8 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment and testing, credit restrictions, a $100 special assessment, and a $15,000 fine.

1

## II.  The Period of Supervision

On December 22, 2023, Jeffrey Alan Sturrock completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising eight allegations.  The petition alleges that Jeffrey Alan Sturrock violated the following conditions of release:

Allegation 1. You must not commit another federal, state or local crime.

Allegation 2. You must not unlawfully possess a controlled substance.

Allegation 3. You must refrain from any unlawful use of a controlled substance.

Allegation 4. You must follow the instructions of the probation officer related to the conditions of supervision.

Allegation 5. You must not communicate or interact with someone you know is engaged in criminal activity.

Allegation 6. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

Allegation 7. It is ordered that the defendant shall pay to the United States a fine of $15,000 for Count 1, which shall be due immediately. Any monetary penalty that remains unpaid when your supervision commences is to be paid on a monthly basis at a rate of at least 10% of your gross income, to be changed during supervision, if needed, based on your changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3).

Allegation 8. You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

## IV.  Proceedings

On June 24, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation.  Defendant agreed to plead "true" to the sixth allegation that claimed he failed to notify his probation officer within 72 hours of being questioned by a law enforcement officer on November 8, 2025.   In return, the parties agreed that he should serve a term of 7 months' imprisonment with no supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.   The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to notify his probation officer within 72 hours of being questioned by a law enforcement officer, Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to U.S.S.G. § 7C1.4(b), any term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. Defendant's agreed upon revocation sentence shall run consecutively to any other term of imprisonment he is serving.

According to U.S.S.G. § 7C1.4, application note 4, any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation should be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7C1.5 (Term of Imprisonment – Supervised Release).  As of June 23, 2026, Sturrock had a remaining balance of $12,185.43.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to notify his probation officer within 72 hours of being questioned by a law enforcement officer on November 8, 2025. Based upon Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violation is a Grade C violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 3 to 9 months. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 7 months with no supervised release

to follow.  After consideration of the nature and circumstances of the violations, the court finds an additional term of supervised release is not warranted in this case since Sturrock is facing additional criminal prosecution for a felony drug offense in Jasper County, Texas, and the original 3-year term of supervision was scheduled to expire on December 21, 2026.

### VII.  Recommendations

The court should find that Defendant violated the allegation in the petition that he violated a standard condition of release by failing to notify his probation officer within 72 hours of being questioned by a law enforcement officer on November 8, 2025.  The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  Defendant should be sentenced to a term of 7 months' imprisonment with no supervised release to follow.

### VIII.  Objections

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

**SIGNED** this the 24th day of June, 2026.

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

6